PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RUDY ALEXIS REYES,<br><br>　　　　　　Defendant. | Case No:   1:22-CR-00290-JLT-SKO<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date:      December 2, 2022<br>Time:     9:00 a.m.<br>Ctrm:     Four<br>Hon:      Jennifer L. Thurston |

Under Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip A. Talbert, the United States Attorney for the Eastern District of California, and Assistant United States Attorney David Gappa, has agreed with defendant Alexis Rudy Reyes (defendant), and his attorneys, Dmitry Gorin and Alan Eisner, as set forth below. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority.

1. <u>Charge</u>.

The defendant acknowledges that he has been charged in an information with one count of Transfer of Obscene Material to a Minor, in violation of 18 United States Code, Section 1470.

1

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charge against him contained in the information, and the charge has been fully explained to him by his attorneys. The defendant fully understands the nature and elements of the crime charged in the information to which he is pleading guilty, together with the possible defenses to the charge, and he has discussed them with his attorneys.

The elements of the crime of Transfer of Obscene Material to a Minor, in violation of 18 United States Code, Section 1470, as alleged in the information, are as follows:

(1) the defendant knowingly used any facility or means of interstate or foreign commerce;

(2) to knowingly transfer obscene matter;

(3) to another individual who had not attained the age of 16 years;

(4) knowing that the other individual had not attained the age of 16 years;

3. <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement will be filed with the court and become a part of the record of the case.

(b) Defendant understands that he has a Constitutional right to have evidence presented to a grand jury and to have his case proceed by way of an indictment returned by a grand jury;

(c) Defendant agrees to waive his right to be indicted by a grand jury and enter a plea of guilty to the charge in the information.

(d) The defendant is aware that Title 18, United States Code, Section 3742 permits a defendant to appeal his plea, conviction, restitution imposed, or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives his constitutional and statutory rights to appeal his guilty plea, conviction, restitution imposed, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, and sentence (including any restitution order). This appeal waiver includes any appeal right conferred by 18 U.S.C. § 3742, except for non-waivable claims. This waiver includes, but is not limited to a proceeding under 28 U.S.C. § 2255 or § 2241. The defendant also agrees to waive his right to pursue any affirmative

defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statute[s] of conviction, and other pretrial motions that have been filed or could be filed. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts included in this agreement is insufficient to support the defendant's plea of guilty.

(e) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody. Nor has any agreement been reached, other than expressly in this plea agreement, to induce the defendant to plead guilty.

(f) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed under this agreement and any charges previously dismissed).

(g) The defendant agrees that the sentencing court will consult the 2018 edition of the United States Sentencing Commission's Guidelines (USSG), as promulgated by the U.S. Sentencing Commission under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220, 125 S.Ct. 738 (2005). The court must take the USSG into account when determining a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case under the USSG. Defendant also understands that the court will consider whether there is a basis for variance from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant also understands that the court, after consultation and consideration of the USSG, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(h)  The defendant agrees that one component of an overall reasonable sentence will be a term of supervised release of at least 36 months, and he will not seek early termination of a term of supervised release of at least 36 months.

(i)  The defendant agrees that if his conviction on the count to which he is pleading is ever vacated at the defendant's request, the government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty, (2) and to file any new charge(s) that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to a future prosecution including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(j)  The defendant agrees not to move for any downward adjustments in his offense level under Chapter Two, Three, Four, or Five of the Sentencing Guidelines. The defendant understands and agrees that he will not move for a downward departure of his offense level, criminal history category, or criminal history points as defined by the Sentencing Guidelines, except that the defendant is permitted to argue under 18 U.S.C. § 3553(a) for what he believes to be an overall reasonable sentence.

(k)  Defendant agrees that his conduct is governed by mandatory restitution under 18 U.S.C. § 3663A and/or 3664, and agrees to pay any victims the full amount of their losses as ordered by the court and as a result of the defendant's conduct as charged in the information. Defendant agrees that mandatory restitution applies to any victim affected by the charge in the information regardless of whether or not the victim is included in the factual basis. The government will give its best estimate of the amount of any restitution that might be claimed at the time of the scheduled change of plea hearing and will advise the court and the defendant immediately of any claims that are filed.

(l)  The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee,

and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. He also understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations could subject him to prosecution for failure to register as a sex offender under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(m) Defendant agrees that he will forfeit all rights, title, and interest to any property used to commit the offense described in the information to which he is pleading guilty. He will agree to the entry of an order forfeiting the property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

4. <u>Agreements by the Government</u>.

(a) The government will recommend a three-level reduction in the computation of the defendant's offense level if the offense level is at least 16 and the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual. The government will recommend a two-level reduction in the computation of the defendant's offense level if the offense level is less than 16 and the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b) The government will promptly notify the court and the defendant of any claims for restitution that any victim of the offenses to which the defendant is pleading guilty submits.

5. <u>Factual Basis</u>.

The defendant will plead guilty because he is in fact guilty of the crime set forth in the information. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

Defendant, beginning on an unknown date in April 2017, and continuing through May 2017, in Kern County, within the State and Eastern District of California and elsewhere, knowingly used a cellular telephone and at least one application from the internet to attempt to communicate with a 8-year old victim located in Pennsylvania. More specifically, the defendant utilized the application Musical.ly and screen names "Valentinex13x" and "Valentinex17x" to contact the minor for approximately one month. The defendant told the minor victim (MV) that if the MV didn't take MV's clothes off for him, he would kill MV's mother. Out of fear, MV complied, via a Musical.ly video call. The MV reported that when MV communicated with the defendant by video, "the man's hand was going up and down on his privates." The defendant requested that MV communicate with him through Facetime, because the quality of video images was better. During April and May 2017 the defendant initiated multiple calls through Musical.ly and Facetime with MV and exposed his penis to MV. On May 14, 2017, the defendant initiated a Musical.ly video call to MV when MV was a passenger in a car driven by MV's mother. MV's mother saw the screen on MV's phone and observed an adult male holding his erect penis.

6. <u>Potential Penalties</u>.

Defendant understands that because the offense to which he is pleading guilty was committed after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**Transfer of Obscene Material to a Minor**

(a) Imprisonment

    Maximum: Ten (10) years

(b) Fine.

    Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

    Maximum: Three years

    (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or two years, whichever is less.)

(e) Penalty Assessments:

    Mandatory: One Hundred Dollars ($100).

7. <u>Waiver of Rights</u>.

6

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government, and the court all would need to agree that the trial be conducted by a judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification were shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, an attorney would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorneys have explained those rights to him and the consequences of his waiver of those rights.

8. Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he is pleading guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this court will impose.

10. Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph six (6). In making its sentencing decision, the court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the court as its independent sentencing recommendation. In addition, the government will fully inform the probation office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

PHILLIP A. TALBERT
United States Attorney

Dated: 11/21/22    By: /s/ David Gappa
DAVID GAPPA
Assistant U.S. Attorney

8

1 | Dated: 11/2/22

RUDY ALEXIS REYES
Defendant

3 | Dated: 11/2/2022

DMITRY GORIN
Attorney for Defendant

6 | Dated: 11/2/2022

ALAN EISNER
Attorney for Defendant

9